Mr. Chief Justice Sharkey
delivered the opinion of the Court.
■ The plaintiff in error was sued as the administratrix of Robert Gordon, deceased, on an administrator’s bond, in which Gordon was surety for John M. Waskom and Thomas J. Arnold, as the administrators on the estate of Cooke. The declaration avers a devastavit of Cooke’s estate, and on that ground recovery is sought from Gordon’s estate as surety.
The- defendant below pleaded non deiinet, and three special pleas in bar. By these pleas it is averred, that as administratrix of Gordon’s estate, she made publication, according to law, for creditors to present their claims ; and that the claim sued on was not presented. The last plea avers that the claim was not presented within eighteen months after it accrued. The plaintiff demurred, and the demurrer was sustained. A trial was had on issue to the first plea, and the plaintiff had a verdict.
By a bill of exceptions, taken by the defendant, it appears that the administrators of Cooke’s estate returned an inventory of property to the value of $9600, which was sold by order of the Pro *490 bate Court, the administrators taking the notes of the purchasers with surety as required by statute ; and that the administrators, after the revocation of their letters, on the 25th of March, 1839, settled with the Probate Court, showing a balance against them of $1912. It was in proof that the usees in this action had obtained a judgment against them as administrators, for the sum mentioned in this declaration, and that execution thereon had been returned nulla bona. The defendant’s counsel requested the Court to charge the jury, that the notes taken for Cooke’s property did not constitute assets, which would render the administrators liable until the money was collected, and that it was incumbent on the plaintiff to prove such collection before he could recover in this action ; which charge the Court refused to give.
This statement of the case shows that there are two questions. First, Is the bond in this case such a claim as must be presented to an administrator, under the statute which requires that creditors shall present their claims within eighteen months after notice given by advertisement ? And second, Did the Court err in refusing to give the instruction asked ?
In the first place, it is manifest that this statute has reference only to private debts contracted by the deceased. However comprehensive it may seem to be, yet no one can mistake its meaning. The legislature had in view the private dealings between the deceased and other individuals, arising out of matters of private contract. This is an official bond, not for a debt due by Gordon, but imposing a legal liability on the happening of a contingency. It was given to insure the discharge of the duty which the law requires of administrators ; and it was given to the Court under a judicial determination. When it was given, it constituted no claim within the meaning of the statute, nor did it afterwards, as it conferred only a right to recover unliquidated damages. It was well said by counsel, that the action is not founded on the bond, but is in the nature of a tort. The bond is mere inducement to the action. But there is an additional reason, which is not to be overlooked. The grant of administration is a matter of record, and so is the bond. It was held, in the case of Dickson’s Adminstrator v. *491 Helm,* decided at last term, thai such a claim was always in a state of presentation, being a matter of record and notice to every one, even if presentation was necessary. The demurrer then was properly sustained.
' In the next place, ought the charge to have been given ? It is no doubt the law, that when personal property is sold by an .administrator, by order of the Probate Court, the administrator is not liable beyond the amount collected, provided the security taken was good at the time, and the loss has occurred by unavoidable casualty. But still it does not follow that the charge ought to have been given. The administrator must take good security ; and the presumption of law is, that he has done so. It is 'to be presumed also, after the lapse of the proper time, that the amount of sales'has been collected. If, by unavoidable circumstances, the administrator has failed to collect, and the loss is chargeable to the estate, it lies with him to make the excuse^ by proof of such fact. If he fails to make this showing, having received assets, the presumption must be that he still has them, or that he has wasted them. The proof, therefore, did not call for the charge. It was not incumbent .on the plaintiff to have proven that the administrator had collected the notes, because the law presumes that he did. Having taken the notes, he was prima facie liable ; and the rebutting proof should have come from him. To require such proof from the plaintiff, would be to raise a presumption that the administrator had failed to do his duty. Proof of the assets, and a return of nulla bona, are generally regarded as evidence of a devastavit. Vick v. House, 2 Howard, 617.
It appears that Cooke’s administrators, on final settlement, were indebted to the estate in the -sum of $1912, a sum less than the amount which the plaintiff had recovered against them. Still it does not appear that the estate had been reported insolvent. This state of facts might raise a doubt whether the judgment is not for more than the amount of assets. The verdict, however, explains this. It is for $2000, and $639 damages. The jury also found that the administrators had in their hands assets belonging to Cooke’s *492 estate, to the amount of $2388.90, and the judgment is for this latter sum, so that the judgment cannot be reversed, because it is beyond the amount of assets.,
A preliminary point was raised in this case, which may deserve some notice, in order that our silence may not be construed into an approval of" its validity. To the assignment of errors the defendants pleaded in bar of the writ of error, accord and satisfaction, by the delivery to the plaintiff, and an assignment of an attorney’s receipt for certain claims deposited for collection. The plea sets out the receipt, and avers that it was assigned and received in full satisfaction after judgment rendered, and the plaintiff in error demurred. After the most diligent search, we find no case which furnishes a satisfactory authority for such a plea, nor is it sustained by principle. Accord and satisfaction is, in effect, like a plea of payment, and the principle is well settled, that on reversal after payment, the party is entitled to what he lost by the judgment, or if the property has been sold, to its equivalent. This rule shows that error may be brought after payment, to reverse a judgment for a mojiey demand. • With regard to real property, the rule is that no one can bring error after having parted with his interest, and under this rule, perhaps, such fact might be pleaded in bar. It is manifest, too, that our statutory provisions do not give sanction to such a plea. A party may prosecute his writ of error without super-sedeas, and the plaintiff may proceed on his judgment; but this does not deprive the party of his right to reverse it.
The judgment must be affirmed.

 Reported in 2 Smedes and Marshall.